# W. J. RICHTER AND T. H. McGILLIGAN v. ALEXANDER McGREGOR.[1]

February 10, 1922.

No. 22,644.

**Broker not entitled to commission.**

Facts considered and *held* not sufficient to entitle plaintiffs to recover a commission in a land deal.

Action in the district court for Blue Earth county to recover $1,600 commission on the sale of real estate. The case was tried before Comstock, J., who at the close of the testimony denied motions by both parties for directed verdicts and a jury which returned a verdict in favor of plaintiffs. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed and remanded with directions to enter judgment in favor of defendant.

*C. O. Dailey*, for appellant.

*H. L. & J. W. Schmitt* and *H. W. Volk*, for respondents.

[1]Reported in 186 N. W. 796.

QUINN, J.

Plaintiffs are engaged in the real estate business. Richter resides at Mapleton, this state, McGilligan at Webster City, Iowa. Defendant is a farmer and owns a farm six miles south of Mapleton. This action was brought to recover a commission in a land deal. Plaintiffs had a verdict. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appeals.

There is but little if any controversy as to the facts in the case. A concise statement thereof will aid in understanding the issues.

At two different times in March, 1920, Richter approached the defendant and solicited him to list his farm with them for sale. The defendant refused. On April 8 both plaintiffs called upon defendant at his home and he told them he would not list his farm at that time, but that he would give them a chance later. He told them he wanted $130 an acre for the farm and asked them what commission they wanted. They told him they would have to have $10 an acre. He said he would have to get $140 an acre then. As to the terms of sale he told them he wanted $1,000 down and $4,000 March first following, and a mortgage back on the land for the balance with interest at 5 per cent per annum. It was then suggested that the terms be $1,500 down and $5,100 on March first, and that $500 of the comission be paid on receipt of the initial payment, and the balance on receipt of the March payment. On Saturday, April 10, plaintiff showed the farm to A. K. Cliff, of Algona, Iowa, and gave him the price and terms. Cliff said he would take the farm, but that he had to make the train to Amboy in order to get home for Sunday. On the following day plaintiffs telephoned defendant that they had a purchaser for the farm. Defendant rather discouraged the sale. On Monday morning he telephoned Mr. Richter that he would accept the deal and for him to bring Mr. Argetsinger out to close the matter for him. Richter and Argetsinger drove out to defendant's place where the contract was prepared in duplicate and the defendant and his wife signed and acknowledged the same. The defendant then asked for his money, when he was informed by Mr.

Richter that the papers would have to be sent to Algona for Cliff to sign and pay the money. Defendant then delivered the papers to Argetsinger and instructed him to send them to Algona to be signed and the money paid and that he would look to him in the matter. Argetsinger then took the papers and sent them to the First National Bank of Algona for Cliff's signature and payment of the money. On April 19 defendant went to Argetsinger's law office and learned that the papers had not been returned. Richter was then called to the office. Defendant was dissatisfied and so expressed himself. It was suggested that Mr. Argetsinger write for the return of the papers, which he did. Richter then stated to defendant in Argetsinger's presence that if the papers were not signed and the money paid, defendant should have them back. Cliff and his attorney had examined the papers and they advised the bank to return them to Argetsinger for explanation or correction of some minor details. The bank returned the papers before receiving Argetsinger's letter. Cliff then went to Mapleton on the evening of April 23, called for Argetsinger and was advised by Mrs. Argetsinger that he was out of town. Cliff then went to the Argetsinger home and inquired about the mail from Algona, and, when informed that a letter was there, he asked if he might have it, as it contained contracts. Mrs. Argetsinger handed him the letter and he opened it and took therefrom the contracts which he took to the bank and signed before a notary public, plaintiffs signing as witnesses to his signature. Cliff then arranged at the bank in Mapleton for the down payment, which he left with a duplicate contract at the bank for defendant. The defendant refused to accept either. A day or two after, Richter met the defendant and demanded the commission, and defendant told him the deal was off.

It is clear that in all he did Argetsinger acted at the request and for the defendant, and we do not understand that it was claimed at any time that he acted otherwise. He received and sent the papers to Algona as McGregor's agent. When the papers were returned unsigned he had no right to deliver them to Cliff without the defendant's assent. Had the contracts been returned by the bank at Algona direct to McGregor instead of to his agent, McGregor might

have destroyed them in all propriety. There was no general listing of the farm by the defendant for sale by plaintiffs. When the defendant, with plaintiffs' consent, directed the contracts to be returned from Algona, unless already signed and the money paid, he acted within his legal rights, and when they were so returned to the defendant's agent the deal was at an end, unless new life was instilled into it by some act of the defendant. The procuring of the contracts from Mrs. Argetsinger was entirely unauthorized under the circumstances and availed plaintiffs nothing so far as recovering a commission was concerned. Upon all the facts as disclosed by the record, defendant is entitled to judgment notwithstanding the verdict. The order appealed from is reversed and the case remanded with directions to the trial court to enter judgment in favor of the defendant.